IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| LINDA ROLLINS,<br><br>     Plaintiff,<br><br>     vs.<br><br>MAUI DREAMS DIVE COMPANY,<br>RACHEL DOMINGO, DONOVAN<br>DOMINGO, BEQA LAGOON SUPPORT<br>SERVICES, INC., OFF-SHORE<br>FISHING COMPANY LTD.<br><br>     Defendants.<br>_____ | Civ. No. 10-00336 HG-KSC |

MAUI DREAMS DIVE COMPANY,
RACHEL DOMINGO, and DONOVAN
DOMINGO

     Cross Claimants,

     vs.

BEQA LAGOON SUPPORT SERVICES,
INC., and OFFSHORE FISHING
COMPANY, LTD.

     Cross Defendants.
_____

R&D DOMINGO, INC., DBA MAUI
DREAMS DIVE COMPANY
(ERRONEOUSLY SUED HEREIN AS
MAUI DREAMS DIVE COMPANY),
RACHEL DOMINGO, DONOVAN DOMINGO

     Third-Party Plaintiffs,

     vs.

1

```
AQUA-TREK FIVE STAR DIVING,        )
AQUA-TREK (FIJI), AQUA-TREK        )
DIVING, AQUA TREK USA, INC.,       )
MCCOY ENTERPRISES, LTD.            )
                                   )
       Third-Party Defendants.     )
                                   )
                                   )
                                   )
_____       )
```

**ORDER DENYING MOTION TO DISMISS COMPLAINT AGAINST SPECIALLY APPEARING DEFENDANT BEQA LAGOON SUPPORT SERVICES, INC (DOC. 23)**

Plaintiff Linda Rollins brings this case to recover damages for injuries she allegedly suffered during a scuba diving trip in Figi.  Defendant Beqa Lagoon Support Services, Inc. ("Beqa") is a Nevada-based corporation.  Defendant Beqa moves to dismiss all claims against it for lack of personal jurisdiction and for failure to include indispensable parties McCoy Enterprises Ltd. ("McCoy Enterprises") and Aqua Trek.

Defendant Beqa purposefully availed itself of the privilege of conducting business within Hawaii.  Such purposeful availment, where the harm alleged arises out of Defendant Beqa's forum activities, is sufficient for the exercise of specific jurisdiction.

Third Party Defendants McCoy Enterprises and Aqua Trek are not indispensable parties.  They are permissive parities as potential joint tortfeasors.  Failure to include McCoy Enterprises and Aqua Trek in the complaint does not warrant

dismissal.

Defendant Beqa's Motion to Dismiss Complaint Against Specially Appearing Defendant Beqa Lagoon Support Services, Inc. is **DENIED**.

### PROCEDURAL HISTORY

On June 14, 2010, Plaintiff filed a Complaint.  (Doc. 1.)

On August 12, 2010, Defendant Beqa Lagoon Resort Services, Inc. filed a Motion to Dismiss Complaint Against Specially Appearing Defendant Beqa Lagoon Support Services, Inc. ("Motion To Dismiss").  (Doc. 23.)

On August 31, 2009, Plaintiff filed an Opposition to Defendant's Motion to Dismiss.  (Doc. 31.)  On the same date, Plaintiff filed an Objection to Defendant's Motion to Dismiss and a Request for Judicial Notice in Support of Plaintiff's Opposition.  (Docs. 29 & 32.)

On September 17, 2010, Defendant Beqa filed a Reply in Support of Beqa's Motion to Dismiss Complaint and In Opposition to Plaintiff's Evidentiary Objections and Request for Judicial Notice.  (Doc. 34.)

On September 24, 2010, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Evidentiary Objections and Request for Judicial Notice.  (Doc. 35.)

On October 4, 2010, this matter came on for hearing.  During oral argument, the parties stated that a previous Californian

3

state court had dismissed Plaintiff's claim against Defendant
Beqa for lack of personal jurisdiction.   Plaintiff was instructed
to submit a copy of the state court order for the Courts
reference.   The Court took the matter under submission.

On October 4, 2010, pursuant to the Court's request,
Plaintiff provided a copy of a San Francisco Superior Court order
entitled, "ORDER GRANTING SPECIALLY APPEARING DEFENDANT BEQA
LAGOON SUPPORT SERVICES, INC.'S MOTION TO QUASH SERVICES OF
SUMMONS FOR LACK OF PERSONAL JURISDICTION," dated July 7, 2010.
Rollins v. Maui Dreams Dives Company, CGC 09-489605 (Cal. Super.
Ct. 2010).[1]  (Doc. 41.)

On October 5, 2010, Plaintiff filed an "Errata Regarding
Clarification on San Francisco Superior Court Order Granting
Motion to Quash."  (Doc. 37.)

On October 8, 2010, Defendant Beqa filed an Objection to
Plaintiff's Errata.  (Doc. 39.)

On October 12, 2010, Plaintiff filed a reply entitled,
"Reply Declaration of Jessica N. Beirnier in Support of Errata
Re: Clarification on San Francisco Superior Court Order Granting
Motion to Quash."  (Doc. 40.)

---

[1]The following parties were included in the caption of the
order:  Linda Rollins and Janet Bianchi v. Maui Dreams Dive
Company, Beqa Lagoon Support Services, Inc., McCoy Enterprises,
LTD., Aqua Trek USA, Inc., Aqua-Trek, Aqua-Trek (Fiji), Aqua-Trek
Diving, Aqua-Trek Fiji Diving, Aqua-Trek Five Star Diving.

**BACKGROUND**

Plaintiff Linda Rollins is a resident of Oakland, California.  (Complaint at ¶ 1, (Doc. 1).)  She alleges that on June 20, while she was on a shark dive in Fiji, she suffered severe injuries to her hand due to a faulty ladder.  (Declaration of Jessica N. Biernier, Exhibit 4, Declaration of Linda Rollins ("Rollins Decl.") at ¶ 8 (Doc. 30).) Plaintiff brings suit against five defendants.  Defendant Maui Dreams Dive Company ("Maui Dreams") is a Hawaiian corporation located on the island of Maui.  (Complaint at ¶ 4. (Doc.1).) Defendants Rachel and Donovan Domingo ("R. Domingo" and "D. Domingo" respectively) are residents of Hawaii and owners of Defendant Maui Dream Dive Company (Complaint at ¶¶ 2-3. (Doc.1).)  Beqa Lagoon Resort Services, Inc. ("Beqa") is a Nevada-based corporation. (Complaint at ¶ 5. (Doc.1).)  Off-Shore Fishing Limited ("Resort"), dba Beqa Lagoon Resort is a Fijian corporation that owns and operates the resort where the alleged incident occurred. (Complaint at ¶ 6. (Doc.1).)

The following is a summary of Plaintiff's characterization of the events giving rise to this lawsuit:

In June 2008, during a vacation to Maui, Plaintiff visited Defendant Maui Dreams Dive Company where she noticed a DVD advertisement for "Beqa Lagoon Resort" ("Resort") in Fiji. (Rollins Decl. at ¶ 1 (Doc.30).)  During this visit, Plaintiff

5

spoke with Defendant D. Domingo about the DVD advertisement and
learned that Defendants R. and D. Domingo, both owners of
Defendant Maui Dreams, were chaperoning a trip to the Resort at
the end of June 2010.  (Id. at ¶ 2-3.)  Upon returning home to
California, Plaintiff decided to participate in the scuba trip to
Fiji and called Defendant Maui Dreams to arrange the details.
(Id. at ¶ 3.)  Defendant Maui Dreams referred Plaintiff to Third
Party Defendant McCoy Enterprises, a Hawaiian travel agency, to
book the trip.  (Id. at ¶ 3.)  Plaintiff was told that Defendant
R. Domingo would be chaperoning the trip and handling all of the
details.  Id.  Plaintiff tendered payment for the trip to Third-
Party Defendant McCoy Enterprises.  (Id. at ¶ 5.)  Plaintiff was
later contacted by Defendant Beqa Lagoon Support Services, Inc.
("Beqa") and sent  an airline ticket and other information about
the Resort.  (Id. at ¶ 6.)

     Defendant Beqa, specially appearing before this Court, moves
to dismiss the complaint for lack of personal jurisdiction and
for failure to include an indispensable party.  Specifically,
Defendant Beqa contends they are a Nevada-based corporation and
do not solicit business in Hawaii, do not advertise in Hawaii,
and have no employees in Hawaii.  Defendant Beqa further argues
that the Court should dismiss the Complaint for failure to
include indispensable parties McCoy Enterprises and Aqua-Trek.

     In response to Defendant Beqa's motion, Plaintiff filed

evidentiary objections to the admissibility of the Declaration of Debra Pekarcik and the Declaration of Mark Propert attached to Defendant Beqa's Motion to Dismiss Complaint.

Plaintiff has filed a request for the Court to take judicial notice of facts pertaining to the ability of Fijian courts to adjudicate this action.

During oral argument on October 4, 2010, Plaintiff was instructed to submit a copy of a San Francisco Superior Court order entitled, "ORDER GRANTING SPECIALLY APPEARING DEFENDANT BEQA LAGOON SUPPORT SERVICES, INC.'S MOTION TO QUASH SERVICES OF SUMMONS FOR LACK OF PERSONAL JURISDICTION," dated July 7, 2010. Rollins v. Maui Dreams Dives Company, CGC 09-489605 (Cal. Super. Ct. 2010) (Doc. 41.)  Plaintiff was not given leave to submit any other new filings.  Plaintiff's subsequent filing, styled as an "Errata" was not a correction to Plaintiff's filing of the requested order but an explanation of the Californian court's order.  (Doc. 37.)  Defendant Beqa objected to the document and requested the document be stricken. (Doc. 39.)  Plaintiff then filed an additional document in reply to Defendant Beqa's objections.  (Doc. 40.)  Both the initial Errata and subsequent Reply were not authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice.  The Court **SUSTAINS** Defendant Beqa's objection and **GRANTS** Beqa's request.  Documents 37 and 40 are **STRICKEN**.

## STANDARD OF REVIEW

### I.    PERSONAL JURISDICTION

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  <u>Flynt Distrib. Co, Inc. V. Harvey</u>, 734 F.2d 1389, 1392 (9th Cir. 2004).  Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of jurisdictional facts."  <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990); <u>Caruth v. International Psychoanalytical Ass'n</u>, 59 F.3d 126, 127-28 (9th Cir. 1995) ("we only inquire into whether [the plaintiff's] pleadings and affidavits make a *prima facie* showing of personal jurisdiction")

Uncontroverted allegations in the plaintiff's complaint must be taken as true.  <u>AT&T v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996).  Although the plaintiff cannot simply rest on the bare allegations of its complaint, conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.  <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800 (9th Cir. 2004).

Where, as here, no federal statute governs personal jurisdiction, the district court applies the law of the state in which the court sits.  Fed. R. Civ. P. 4(k)(1)(A); <u>Love v. Associated Newspapers, Ltd.</u>, 611 F.3d 601, 608-609 (9th Cir.

2010).   Hawaii's long-arm jurisdictional statute is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process requirements are the same.   In re Doe, 83 Haw. 367, 373 (1996) (citing Cowan v. First Ins. Co., 61 Haw. 644, 649 (1980)).

## II.   FAILURE TO INCLUDE INDISPENSABLE PARTY

Where a defendant moves to dismiss a complaint for failure to include an indispensable party, the defendant bears the burden of persuasion.   Clinton v. Babbitt, 180 F.3d 1081, 1088 (9th Cir. 1999).   The Court first makes a determination of whether the missing party is "necessary" pursuant to Federal Rule of Civil Procedure 19(a).   Rule 19(a) defines which non-parties must be joined as "necessary":

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

The Court has discretion, upon consideration of the facts of the case and policy underlying Rule 19(a), to determine whether a non-party should be joined.   See Bakia v. Cnty of Los Angeles,

687 F.2d 299, 301 (9th Cir. 1982).  The Court's determination of whether a party should be joined is uniquely influenced by the facts of the case.  <u>EEOC v. Peabody Western Coal Co.</u>, 610 F.3d 1070, 1081 (9th Cir. 2010).  The policies underlying Rule 19(a) "include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party." <u>Bakia</u>, 687 F.2d at 301.  It is improper for the Court to require the addition of parties who are not necessary or indispensable to the action.  <u>Id.</u>

If the Court finds that joinder is "necessary" pursuant to Rule 19(a)(1)-(2), but that joinder is not feasible because it would destroy jurisdiction, the Court makes a determination of whether the party is "indispensable" pursuant to Rule 19(b).  If the party is "indispensable" then the action must be dismissed.

**ANALYSIS**

**I.   PERSONAL JURISDICTION**

Questions of personal jurisdiction must be decided on a case-by-case basis.  <u>See</u> <u>Pacific Atlantic Trading Co., Inc. v.</u> <u>M/V Main Exp.</u>, 758 F.2d 1325, 1327-28 (9th Cir. 1985).  For the Court to maintain personal jurisdiction, Defendant Beqa must have sufficient "minimum contacts" with the state of Hawaii such that the exercise of due process "does not offend traditional notions

of fair play and substantial justice." <u>Schwarzenegger v. Fred
Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004)(quoting <u>Int'l
Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).  Due process
is satisfied if there is either "general jurisdiction" or
"specific jurisdiction" over Defendant Beqa.  <u>Sher v. Johnson</u>,
911 F.2d 1357, 1361 (9th Cir. 1990).

**A.   General Jurisdiction Over Defendant Beqa Is Not At
Issue**

If general jurisdiction exists, a defendant whose contacts
with a state are "continuous and systematic" may be haled into
court in that state in any action, even if the action is
unrelated to those contacts.  <u>Tuazon v. R.J. Reynolds Tobacco
Co.</u>, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing <u>Helicopteros
Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 415 (1984)).
The standard for establishing general jurisdiction is high and
requires that the defendant's contacts approximate physical
presence.  <u>Tuazon</u>, 433 F.3d at 1169.

Plaintiff has not alleged general jurisdiction is present
with respect to Defendant Beqa.

**B.   Specific Jurisdiction As To Defendant Beqa**

In determining whether to exercise specific jurisdiction,
the Court examines the quality and nature of Defendant Beqa's
contacts with the forum state in relation to the cause of action.
<u>Lake v. Lake</u>, 817 F.2d 1416, 1421 (9th Cir. 1987).  The Ninth
Circuit Court of Appeals has adopted a three-prong test for

analyzing specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007) (internal citations omitted).

Plaintiff bears the burden of satisfying the first two prongs of the test. Id. If Plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. Id. If, on the other hand, Plaintiff succeeds in satisfying the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (citing Schwarzenegger, 374 F.3d at 802).

### i. Plaintiff sufficiently alleged that Defendant Beqa purposefully availed itself of the privilege of doing business in Hawaii.

The first prong of the specific jurisdiction analysis can be satisfied by Defendant Beqa's purposeful availment of the privilege of doing business in the forum state or purposeful

direction of activities at the forum state, or by some combination of purposeful availment and direction.  Menken, 503 F.3d at 1057.  "The requirement of 'purposeful availment' is based on the presumption that it is reasonable to require a defendant who conducts business and benefits from his activities in a state to be subject to the burden of litigating in that state as well."  Brainerd v. Governors of the University of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989).

A purposeful availment analysis is most often applied in suits where the defendant has placed a product in the stream of commerce, or in suits sounding in contract.  Holland Am. Line Inc. v. Wärtsilä N. Am., Inc., 485 F.3d 450, 459-60 (9th Cir. 2007) (internal citations omitted).  A purposeful direction analysis applies only to intentional torts.  Id. (internal citations omitted).  Here, both parties agree that a purposeful availment analysis applies as the alleged injury does arise from an intentional tort.  Id.

Defendant Beqa contends that there was no purposeful availment of the privilege of conducting business in Hawaii.  In support of their argument, Defendant Beqa puts forward the Declaration of Debra Pekarick, the office manager of Defendant Beqa.[2]  In her declaration, Pekarick states that Defendant Beqa

---

[2]Plaintiff objects to the portions of Ms. Pekarick's Declaration that address the operations and functions of the Resort in Fiji operated by Defendant Off-Shore Fishing, LTD.

is a Nevada-based corporation and does not solicit business,
advertise, maintain any formal business relationships, or retain
any employees in the State of Hawaii.[3]

In response, Plaintiff puts forward a collection of
exhibits, to which Defendant Beqa does not object.  In
Plaintiff's exhibits, she alleges that Defendant Beqa sent
promotional materials and pricing sheets to Hawaiian businesses
Defendant Maui Dreams and Third Party Defendant McCoy Enterprises
so they could, in-turn, sell vacation packages to Hawaiian

---

("the Resort"), on the grounds of relevance, improper foundation,
and improper opinion.  Ms. Pekarick is the office manager for
Defendant Beqa in Las Vegas, Nevada, and has not demonstrated an
ability to testify about the activities of a purportedly separate
company operating in another country.  The Court does not
consider any details provided by Ms. Pekarick Declaration that
address the Resort's operations.

[3]Plaintiff objects on hearsay grounds to two sentences in
paragraph five of Ms. Pekarick's Declaration which state, "It
appears from the records that in this instance McCoy Travel
contacted us to book a group package and that Ms. Rollins was
included in the group.  Normally, we would have sent all the
tickets to the travel agent but there was apparently a request in
this case that Ms. Rollins' tickets be sent directly to her in
California."  (Motion to Dismiss the Complaint, Pekarick Decl. at
¶ 5 (Doc. 23.))  The first statement is not hearsay because Ms.
Pekarick's role as office manager for Defendant Beqa renders her
competent to testify as to the regularly recorded business
records and procedures within Defendant Beqa's office.  See Fed.
R. Evid. 803 (6).  The second statement, "there was apparently a
request" lacks proper foundation and is speculative.  The Court
does not consider this second statement by Ms. Pekarick.
Plaintiff's own declaration, however, refers to communication to
her from Nevada and does not necessarily contradict Ms.
Pekarick's second statement.  (Declaration of Jessica N.
Biernier, Exhibit 4, Rollins Decl. at ¶ 6 (Doc. 31) ; Plaintiff's
Opposition at p. 4. (Doc. 30).)

14

residents and tourists.  (Declaration of Jessica N. Biernier, Exhibit 7, 8, 11, (Doc. 30).)  According to Plaintiff, Defendant Beqa marketed vacation packages to Defendant Maui Dreams and Third Party Defendant McCoy Enterprises for the purpose of soliciting business from Hawaiian residents and tourists. Plaintiff alleges that Defendant Maui Dreams and Third Party Defendant McCoy Enterprises, both based in Hawaii, receive commissions or free trips from Defendant Beqa in exchange for selling the trip packages.  (Biernier Decl., Exhibit 1 at p.94, ln. 11-16, (Doc. 30), Exhibit 13, (Doc. 30).)  Plaintiff argues that this mutually beneficial business relationship, which targets residents and tourists in Hawaii, constitutes purposeful availment.

At the core of this purposeful availment controversy is a factual dispute.  The parties dispute whether Hawaii actively solicits business from Hawaiian residents and tourists through Defendant Maui Dreams Dive Company and Third Party Defendant McCoy Enterprises.  The burden is on the Plaintiff to allege sufficient facts to establish a *prima facie* case for personal jurisdiction.  Data Disc., Inc., v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  When, as here, there are disputes about allegations of material facts as contained in declarations and affidavits, the Court must resolve those disputes in Plaintiff's favor.  Bancroft & Masters, Inc. v.

Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000)
("Because the *prima facie* jurisdictional analysis requires us to
accept the plaintiff's allegations as true, we must adopt [the
plaintiff's] version of events...")

The issue, therefore, is whether the facts alleged by
Plaintiff are sufficient to demonstrate Defendant Beqa's
purposeful availment of the privilege of conducting business in
Hawaii.

When a company maintains business relationships with
companies in the forum state for the purpose of soliciting
business from individuals in that forum, there is purposeful
availment. Asahi Metal Indus. Co. v. Superior Court of Cal., 480
U.S. 102, 112 (1987) ("[C]onduct of the defendant may indicate an
intent or purpose to serve the market in the forum State, for
example... marketing the product through a distributor who has
agreed to serve as the sales agent in the forum State."); see
Shute v. Carnival Cruise Lines, 897 F.2d 377, 382 (9th Cir. 1990)
(finding purposeful availment when cruise line operator provided
commissions and promotional materials to travel agents selling to
forum's residents), rev'd on other grounds by 499 U.S. 585
(1991); Sinatra v. Nat'l Enquirer, Inc. 854 F.2d 1191 (9th Cir.
1988).

The case of Sinatra is instructive.  In Sinatra, the
defendant operated a medical clinic in Switzerland and maintained

an office in Kansas responsible for booking all clients from the United States.  854 F.2d at 1193.  The plaintiff, a California resident, brought suit in a California District Court for misappropriation, alleging the clinic had used his identity to promote its services in California and elsewhere.  Id. at 1193-94.  The district court granted personal jurisdiction and the Ninth Circuit Court of Appeals affirmed.  Id. at 1197.  On the issue of whether the defendant purposely availed itself of the protections of California law, the Ninth Circuit Court of Appeals reasoned, "the misappropriation is properly viewed as an event within a sequence of activities designed to use California markets for the defendant's benefit..."  Id.  Because the clinic engaged in a sequence of activities designed to access and use the forum state's markets, the Ninth Circuit Court of Appeals concluded that the clinic engaged in "affirmative conduct which allow[ed] or promot[ed] the transaction of business within the forum state."  Id. at 1195.

In the present case, Plaintiff claims Defendant Beqa worked with Third Party Defendant McCoy Enterprises and Defendant Maui Dreams to market and solicit business in Hawaii.  The plaintiff alleges Defendant Beqa provided promotional DVDs and materials, pricing schedules, and commissions to McCoy Enterprises and Defendant Maui Dreams.  McCoy Enterprises and Defendant Maui Dreams, in-turn, sold and marketed vacation packages to Hawaiian

residents and tourists.  "[M]arketing the product through a
distributor who has agreed to serve as the sales agent in the
forum State" is purposeful availment.  <u>Asahi</u>, 480 U.S. at 112.
Plaintiff claims that Defendant Beqa affiliated with dive shops
and travel agencies in Hawaii in a "symbiotic relationship" to
market vacation packages to Hawaiian residents and tourists.
This marketing design resulted in a the "transaction of business"
with Plaintiff.  <u>Sinatra</u>, 854 F.2d at 1197.  Such conduct, as
alleged by Plaintiff, constitutes purposeful availment.

    Plaintiff has alleged sufficient facts to support her claim
that Defendant Beqa purposefully availed itself of the privilege
of conducting business in Hawaii.  Plaintiff has satisfied the
first prong of the test for specific jurisdiction.

> **ii.  Plaintiff sufficiently alleged that its claims
> arose from Defendant Beqa's forum-related
> activities.**

    The second prong of the minimum contacts test requires that
Plaintiff's claims arise from Defendant Beqa's forum-related
activities.  In determining whether claims arise out of forum-
related conduct, the Ninth Circuit Court of Appeals has adopted a
"but for" test.  <u>Menken</u>, 503 F.3d at 1058 (citing <u>Myers v.</u>
<u>Bennett Law Offices</u>, 238 F.3d 1068, 1075 (9th Cir. 2001)).
Plaintiff must show that "but for" Defendant Beqa's forum related
activity, she would not have suffered injury.  <u>Id.</u>

    Plaintiff and Defendant Beqa acknowledge that Defendant Beqa

18

is the only company allowed to book clients originating from the
United States for Beqa Lagoon Resort, holding itself out to be
the U.S. Reservation Office of the Resort.  (Plaintiff's
Opposition at p.5 (Doc. 31); Motion to Dismiss Complaint,
Pekarick Decl. at ¶ 3 (Doc. 23).)  Plaintiff further alleges that
she would never have known about the resort, booked the trip, or
gone on the shark dive if she had not seen the promotional DVD in
the Maui Dreams Dive Shop, provided by Defendant Beqa.
(Declaration of Jessica N. Biernier, Exhibit 4, Rollins Decl. at
¶ 1 (Doc. 30).)  Plaintiff has alleged sufficient facts to
establish that her claim arose out of Defendant Beqa's forum
related activity.  Plaintiff has satisfied the second prong of
the test for specific jurisdiction.

### iii. Exercising personal jurisdiction is not unreasonable

An unreasonable exercise of jurisdiction violates the Due
Process Clause even if the "purposeful availment" and "arising
out of" requirements of the specific jurisdiction test are
satisfied.  See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir.
1995).  Defendant Beqa has the burden of proof, requiring them to
"present a compelling case that the presence of some other
considerations would render jurisdiction unreasonable."  Burger
King, 471 U.S. at 477; Doe v. American Nat. Red Cross, 112 F.3d
1048, 1052 (9th Cir. 1997); Ballard, 65 F.3d at 1500.

19

In examining the reasonableness of jurisdiction over
Defendant Beqa in Hawaii, the Court considers such factors as:

(1)  the extent of defendant's purposeful interjection into
the forum state;

(2)  the burden on the defendant in defending in the forum;

(3)  the importance of the forum to the plaintiff's interest
in convenient and effective relief;

(4)  the most efficient forum for judicial resolution of the
dispute;

(5)  the forum state's interest in adjudicating the dispute;

(6)  the extent of the conflict with the sovereignty of the
defendant's state; and

(7)  the existence of an alternative forum.

See Sher v. Johnson, 911 F.2d 1357, 1364 (9th Cir. 1990);
Bancroft & Masters, Inc., 223 F.3d at 1088.  No one factor is
dispositive; they must be balanced against the others.  See
Mattel, Inc. v. Greiner & Hauswer GmBh, 354 F.3d 857, 866-67 (9th
Cir. 2003).

The balance of the factors here weigh in favor of exercising
jurisdiction over Defendant Beqa.

**1.   *First Factor:  Extent of defendant's purposeful interjection***

The Court already concluded that Defendant Beqa purposefully
availed itself of the privilege of doing business in Hawaii.  The
extent of Defendant Beqa's interjection into Hawaii, however, has

20

not been great: sending promotional materials to a dive shop,
disseminating pricing schedules to a Hawaiian travel agency, and
booking group trips that included Hawaiian residents and
tourists.  This factor tips in favor of granting jurisdiction.

**2.  *Second Factor:  Burden on the defendant***

There may be some burden on Defendant Beqa in litigating in
Hawaii.  Defendant Beqa, however, has not proposed a more
convenient forum or explained why Hawaii is burdensome.
Defendant Beqa is based in Nevada, but Defendant Beqa has not
suggested the case be transferred there.  Defendant Beqa has
already successfully had Plaintiff's claim dismissed for lack of
personal jurisdiction in California, a closer venue to Nevada.
Defendant Beqa suggests that Fiji could accommodate Plaintiff's
claim, but does not show how Fiji would be less of a burden.
Considering the relative distances of Fiji and Hawaii from
Nevada, it is not likely Fiji would be less burdensome than a
proceeding in Hawaii.

Modern developments in communication and transportation have
reduced the burden of litigating in another state.  <u>See</u> <u>Corporate</u>
<u>Inv. Bus. Brokers v. Melcher</u>, 824 F.2d 786, 791 (9th Cir. 1987).
In light of the relative weight given to the burdens of travel,
and Defendant Beqa's proposed alterative being more remote than
Hawaii, this factor tips in favor of granting jurisdiction.

**3.   *Third Factor:  Importance of forum to Plaintiff's interests***

21

Generally, "neither the Supreme Court nor [the Ninth Circuit Court of Appeals] has given much weight to inconvenience to the plaintiff." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1490 (9th Cir. 1993); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1323-24 (9th Cir. 1998). Questions of personal jurisdiction generally arise where the plaintiff seeks relief in their resident forum and the defendant resides elsewhere. See Roth v. Garcia Marquez, 942 F.2d 617, 624 (9th Cir. 1991). In this case, however, Plaintiff seeks relief in Hawaii, which is not her resident forum, because the transaction which gave rise to the lawsuit allegedly occurred in Hawaii.

Considering the diverse locations of parties in this case, factor number three is inherently contingent on the seventh factor-the availability of an alternative forum. If Plaintiff is unable to seek relief in any other forum, then Plaintiff's interest in litigating this dispute in Hawaii is considerable. If, however, Plaintiff is able to seek relief in a separate forum, then her interest in litigating in Hawaii is diminished. Defendant Beqa proposed only one alternative forum, the Republic of the Fiji Islands. Assuming, *arguendo*, that Fiji is a viable alternative forum, requiring litigation in a foreign country places a burden on those not resident there. There remains a question of whether Fiji can fairly adjudicate the matter. A majority of the parties sued reside in Hawaii. The proposed

22

foreign forum places a considerable burden all parties including
Plaintiff.  This factor tips in favor of jurisdiction remaining
in Hawaii.

**4.    *Fourth Factor: Efficient forum for judicial resolution***

Consideration of whether the forum provides efficient
judicial resolution of the controversy focuses on the location of
the evidence and the witnesses.  Caruth v. International
Psychoanalytical Ass'n, 59 F.3d 126, 129 (9th Cir. Cal. 1995)
(citing Core-Vent,11 F.3d at 1489).  This factor, however, "is no
longer weighed heavily given the modern advances in communication
and transportation."  Panavision, 141 F.3d at 1324.

Plaintiff states that half of the witnesses she intends to
call reside in Hawaii.  Defendant Beqa, however, contends that
most of the witnesses will be found in Fiji.  Both parties agree
that four of the six defendants reside in Hawaii.  In Panavision,
the Ninth Circuit Court of Appeals "decline[d] to speculate where
the evidence and witnesses are likely to be located" because
there was not a sufficient amount of evidence before the court.
141 F.3d at 1323.  This Court similarly declines to speculate.
Unsupported allegations by Defendant Beqa that witnesses and
discovery are located in Fiji are not sufficient.  Defendant Beqa
had the burden to demonstrate that another forum would be more
efficient.  Defendant Beqa has not met that burden.  This factor
tips in favor of granting jurisdiction.

5.    **Fifth Factor: Forum state's interest**

The fifth factor weighs in favor of jurisdiction. Considering half of the individuals who accompanied Plaintiff on her trip were Hawaiian residents and, according to Plaintiff, Defendant Beqa actively solicits business from Hawaiian residents and tourists, Hawaii has a strong interest in litigating the dispute.  See Miracle v. N.Y.P. Holdings, Inc., 87 F.Supp.2d 1060, 1070 (D. Haw. 2000) (Hawaii has a "strong interest in providing an effective means of redress for its residents who are tortiously injured.").

6.    **Sixth Factor: Conflict with Defendant's state**

"This factor concerns the extent to which the district court's exercise of jurisdiction in [the forum state] would conflict with the sovereignty of" the defendant's state. Panavision, 141 F.3d at 1323 (citing Core-Vent, 11 F.3d at 1489). When there is potential conflict between state forums the inquiry focus on whether there is a conflict of law.  See, e.g., Ziegler v. Indian River County, 64 F.3d 470, 476 (9th Cir. 1995).

It is unclear at this juncture what law will be applied to the various claims raised by Plaintiff.  Defendant Beqa has not presented any preference for trying the case in Nevada where they are incorporated.  Defendant Beqa has not raised any issue of conflict of law between Hawaii and Nevada.  Defendant Beqa's

failure to put forward any evidence of a conflict renders this a factor favoring the granting of jurisdiction.  See United Kingdom Mut. S.S. Assurance Ass'n v. Cont'l Maritime of San Francisco, Inc., 1992 W.L. 486937, at *5 (N.D.Cal. Aug. 31, 1992) (Defendant's failure to demonstrate conflict between Canadian and U.S. law weighed in favor of the exercise of specific jurisdiction).

**7.**   ***Seventh Factor:  Existence of an alternative forum***

Finally, the Court must consider whether alternative forums exist.  It is the Plaintiff's burden to demonstrate the unavailability of an alternative forum.  Panavision, 141 F.3d at 1324; FDIC v. British-American Ins. Co., 828 F.2d 1439, 1445 (9th Cir. 1987).

Four potential forums are suggested by the facts of this case: Fiji, California, Nevada, and Hawaii.  Defendant Beqa is incorporated in Nevada but has not suggested trying the matter there.  The Plaintiff resides in California, but was unable to acquire personal jurisdiction over Defendant Beqa there.  That appears to leave Hawaii and Fiji as possible forums for adjudication.

Plaintiff maintains that Fiji is not a suitable forum.  In an effort to establish this idea, Plaintiff requested judicial notice that Fijian courts would not be able to fairly adjudicate this matter.  Plaintiff contends that a recent military coup has

suspended the Fijian Constitution and interrupted the ability of the judiciary to fairly adjudicate any matter.  Plaintiff asserts that a self-appointed military leader recently terminated all judicial officers in the country and revoked the Fijian Constitution.

The Court may take judicial notice of a fact not subject to reasonable dispute when the fact is "generally known within the territorial jurisdiction of the Court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).  Here, Plaintiff submitted a collection of news articles, Fijian decrees, and reports.  These documents are not properly authenticated.  They are not reliable sources as defined by Federal Rule of Evidence 201.  It is not possible to conclusively determine from these documents that Fijian Courts are incapable of fairly adjudicating this matter.  The Court declines to take judicial notice as to the functioning of the Fijian judicial system.

While the Court refrains from granting judicial notice and regarding the documents submitted by Plaintiff as fact, it does not ignore Plaintiff's allegations with regard to the suitability of Fiji as a forum.  Allegations of fact, even if disputed by Defendant, must be resolved in Plaintiff's favor.  <u>Schwarzenegger</u>

v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Plaintiff put forward evidence that the judicial system in Fiji
is incapable of adjudicating her claims because of political and
civil unrest.  In response, Defendant Beqa provided the Court an
Internet website address to the Fiji Judicial Department.
Defendant Beqa provides no other exhibits or documentation to
refute Plaintiff's submissions.  Whether Fiji would be capable of
fairly adjudicating this matter remains unclear, and considering
the dearth of evidence put forward by Defendant Beqa, the Court
is unwilling to conclude that Fiji is  a suitable alternative
forum at this time.

   Based on the evidence before the Court, it does not appear
there is a suitable alternative forum.  This factor tips in favor
of granting jurisdiction.

**A.   The liability release signed in Fiji**

   As part of Defendant's Motion to Dismiss the Complaint,
Defendant Beqa attached a document entitled "Liability and
Responsibility Agreement and Release" (hereafter, "the Release").
(Motion to Dismiss Complaint, Decl. of Mark Propert, Exhibit A
(Doc. 23).)  Defendant argues that Plaintiff signed a liability
release.  According to Defendant, the release is between the
Plaintiff and the Resort in Fiji.  The Release purports to
require the application of Fijian law and contains a forum-
selection provision to litigate all claims in Fiji.  Defendant

27

Beqa is not a party to the release, but contends that the Release complicates choice-of-law issues.  Plaintiff objects to the Release as irrelevant to the issue of jurisdiction.  Whether a forum-selection clause confers or denies jurisdiction is a matter of contract.  <u>Chan v. Society Expeditions, Inc.</u>, 39 F.3d 1398, 1406 (9th Cir. 1994).  Here, Defendant Beqa is not a party to the contract.  The Court does not consider the Release for the purposes of this motion.

**B.   *Balance of factors***

The balance of factors weighs in favor of exercising jurisdiction over Defendant Beqa.  Defendant Beqa has not shown that granting specific jurisdiction would be unreasonable.  <u>Sher v. Johnson</u>, 911 F.2d 1357, 1365 (9th Cir. 1990).  Defendant Beqa has not presented a compelling case that the exercise of jurisdiction would place it at a severe disadvantage in comparison to its opponent.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 477 (1985).  Exercise of specific jurisdiction over Defendant Beqa is reasonable.


**II.   FAILURE TO INCLUDE INDISPENSABLE PARTY**

Defendant Beqa moves to dismiss the complaint for failure to include indispensable parties Third Party Defendant McCoy Enterprises, the travel agency that booked Plaintiff's Fiji vacation, and Aqua Trek.  Defendant Beqa has not specified who

Aqua Trek is or how Aqua Trek is involved in this litigation, although it appears several different parties with Aqua Trek in their name have been named as third-party defendants.  Defendant Beqa has not explained why McCoy Enterprises and Aqua Trek are indispensable parties under Federal Rule of Civil Procedure 19.  Defendant Beqa's argument consists of one paragraph of three sentences.

Under Rule 19, joint tortfeasors need not be joined as parties to an action.  Temple v. Synthes Corp., 498 U.S. 5, 7 (1990).  Each tortfeasor is, in theory, liable for the entire amount of a recovery.  In Temple, the United States Supreme Court held that a lower court was in error when it dismissed a claim for failure to join joint tortfeasors as indispensable parties.  Id.  The Court explained, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Id.  Here, Plaintiff has brought negligence actions against all parties, including Defendant Beqa, as joint tortfeasors.  Not including McCoy Enterprises and Aqua Trek as defendants, who presumably are joint tortfeasors, does not create any undue burden on Defendant Beqa or any other defendant.  Both McCoy Enterprises and Aqua Trek are permissive parties, they are not indispensable.  Id.  Defendant's motion is **DENIED**.

**CONCLUSION**

29

The Court has personal jurisdiction over Defendant Beqa. Defendant Beqa purposefully availed itself of the privilege of conducting business in Hawaii by soliciting business from Hawaiian residents and tourists.  It is through such conduct that Plaintiff's claim arose.  Defendant did not demonstrate that exercise of personal jurisdiction would be so unreasonable as to amount to a depravation of due process.

Plaintiff need not include indispensable parties.  McCoy Enterprises and Aqua Trek are potential joint tortfeassors and, therefore, permissive parties.

(1)    Defendant Beqa's Motion to Dismiss Complaint Against Specially Appearing Defendant Lagoon Support Services, Inc., filed on August 12, 2010, (Doc. 23), is **DENIED**.

IT IS SO ORDERED.

DATED: October 29, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

LINDA ROLLINS v. Maui Dreams Dive Company, et al., CV 10-00336, **ORDER DENYING MOTION TO DISMISS COMPLAINT AGAINST SPECIALLY APPEARING DEFENDANT BEQA LAGOON SUPPORT SERVICES, INC (DOC. 23)**