GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

PATRICIA M. NAPIER        3735-0
    pnapier@goodsill.com
KIMBERLY A. VOSSMAN       9220-0
    kvossman@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
MCCOY ENTERPRISES, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA ROLLINS,<br><br>            Plaintiff,<br><br>  vs.<br><br>MAUI DREAMS DIVE COMPANY, RACHEL DOMINGO, DONOVAN DOMINGO, BEQA LAGOON SUPPORT SERVICES, INC., OFF-SHORE FISHING COMPANY, LTD., MCCOY ENTERPRISES, LTD.,<br><br>            Defendants. | CV 10 00336 KSC<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT MCCOY ENTERPRISES, LTD.'S NOTICE OF SETTLEMENT AND PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BE GRANTED<br><br>Hearing<br>Date: April 6, 2012<br>Time: 9:30 A.M.<br>Judge: Hon. Kevin S.C. Chang<br><br>Trial Date: September 18, 2012 |

# FINDINGS AND RECOMMENDATION THAT DEFENDANT MCCOY ENTERPRISES, LTD.'S NOTICE OF SETTLEMENT AND PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BE GRANTED

Before this Court is Defendant McCoy Enterprises, Ltd.'s ("Defendant McCoy") Notice of Settlement and Petition for Determination of Good Faith Settlement ("Petition") filed on January 25, 2012. The Petition seeks approval of the settlement entered into between Defendant McCoy and Plaintiff Linda Rollins ("Plaintiff") pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5. Defendant McCoy and Plaintiff executed a Settlement Agreement and Mutual Release in January 2012, which is subject to confidential terms and filed under seal pursuant to this Court's instructions given during the status conference held on December 23, 2011.

On March 28, 2012, Defendants R&D Domingo, Inc., dba Maui Dreams Dive Company (erroneously sued herein as Maui Dreams Dive Company), Rachel Domingo, and Donovan Domingo (collectively "Domingo Defendants") filed a Statement of No Opposition to Defendant McCoy's Petition. No other party filed an opposition to the Petition.

This matter came on for hearing on April 6, 2012. Patricia NaPier appeared for Defendant McCoy and James Hershey appeared for Plaintiff. For Domingo Defendants, Michiro Iwanaga appeared in person and Helen Greenberg appeared by phone. After carefully considering the submissions of the parties, the

relevant legal authority, and the arguments presented by counsel at the hearing, the Court FINDS and RECOMMENDS that the district court GRANT Defendant McCoy's Petition.

BACKGROUND

Plaintiff was injured while scuba diving in Fiji on June 20, 2008. Plaintiff participated in a group diving trip to Beqa Lagoon Resort with Defendant R&D Domingo, Inc. dba Maui Dreams Dive Company ("Maui Dreams"), which is owned by Defendants Rachel Domingo and Donovan Domingo. Defendant McCoy is a local travel agency located in Kahului, Maui. Defendant McCoy booked Plaintiff's travel arrangements, including air travel to and from Fiji and accommodations at Beqa Lagoon Resort. The incident occurred when Plaintiff was participating in an optional shark dive and was boarding the ladder of a dive boat known as the Blue Surveyor. The Blue Surveyor was not owned, operated and/or controlled by Defendant McCoy. Additionally, the shark dive was not operated or controlled by Defendant McCoy.

On June 14, 2010, Plaintiff filed suit against Maui Dreams, Rachel Domingo and Donovan Domingo, Off-Shore Fishing Company, Ltd. ("Off-Shore"), and Beqa Lagoon Support Services. Plaintiff later brought Defendant McCoy into the action as a defendant through her First Amended Complaint, filed on September 22, 2011. Defendant McCoy and Domingo Defendants filed

3

amended cross-claims against each other and against Off-Shore and Beqa Lagoon Support Services.[1] Beqa Lagoon Support Services has filed amended cross-claims against Defendant McCoy and Domingo Defendants. Entries of default were entered against Off-Shore for the cross-claims filed by Defendant McCoy and Domingo Defendants and for Plaintiff's Complaint. Plaintiff filed a Motion for Default Judgment against Off-Shore on February 21, 2012. During the hearing on April 6, 2012, this Court found and recommended that Plaintiff's Motion be granted.

The parties voluntarily participated in a mediation session on September 27, 2011 in San Francisco with David Rudy of Judicate West as the mediator, jointly selected by the parties. Settlement was not reached at that time, but was reached in late December with Mr. Rudy's assistance. The parties thereafter executed the Settlement Agreement and Mutual Release in January 2012.

## DISCUSSION

Under Hawai'i Law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to

---

[1] On August 5, 2011, Defendant McCoy filed a First Amended Cross-Claim against Maui Dreams, Rachel and Donovan Domingo, Off-Shore, and Beqa Lagoon Support Services. Maui Dreams and Rachel and Donovan Domingo filed a Cross-Claim against Off-Shore, Beqa Lagoon Support Services, and Defendant McCoy on August 18, 22 and 23, 2011. Beqa Lagoon Support Services filed a First Amended Cross-Claim against Defendant McCoy on August 26, 2011 and against Maui Dreams and Rachel and Donovan Domingo on August 29, 2011.

all known joint tortfeasors or co-obligors. See HRS § 663-15.5(b). Any non-settling party may file an objection and that party bears the burden of proving a lack of good faith. Id.

A finding of good faith settlement discharges the settling party of liability for contribution to joint tortfeasors, and reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater[.]" Id. § 663-15.5(a). A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity and results in a dismissal of all cross-claims filed against the settling tortfeasor. Id. § 663-15.5(d).

In Troyer v. Adams, 102 Haw. 399, 77 P.3d 83 (2003), the Hawai'i Supreme Court adopted the "totality of the circumstances" approach for determining whether a settlement is given in "good faith" for purposes of HRS § 663-15.5.[2] The Hawai'i Supreme Court rejected California's process of conducting "mini-trials" to determine the parties' proportionate share of liability before approving a settlement. Id. at 426-27, 77 P.3d at 110-11. Rather, the Hawai'i Supreme Court set forth a number of factors that may be considered by the

---

[2] The Hawai'i Supreme Court has since confirmed that the "totality of the circumstances" is the applicable standard. Brooks v. Dana Nance & Co., 113 Haw. 406, 413-414, 153 P.3d 1091, 1098-99 (2007).

5

trial courts in determining whether a settlement has been reached in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose. The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith. On appeal, the trial court's determination will be reviewed for abuse of discretion.

Id. at 427, 77 P.3d at 111. These factors are not exhaustive; the court may consider any other relevant factor. See id.

In the instant case, the Court finds that Defendant McCoy and Plaintiff entered into the settlement in good faith. After considering the factors set forth in Troyer v. Adams, the totality of the circumstances, and the absence of opposition, and after reviewing the essential terms of the settlement, the Court finds that the settlement was reached in good faith for the purposes of HRS § 663-15.5. The Court recommends that the district court GRANT the Petition. The Court notes that in the event the district court adopts this Findings and

Recommendation, the finding of good faith settlement shall result in the dismissal of all claims, counterclaims, cross-claims and third-party claims against Defendant McCoy pursuant to HRS § 663-15(d).

## CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that the district court GRANT Defendant McCoy's Petition, filed January 25, 2012.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, April 26, 2012.



Kevin S.C. Chang
United States Magistrate Judge

**Findings and Recommendation That Defendant McCoy Enterprises, Ltd.'s Notice of Settlement and Petition For Determination of Good Faith Settlement Be Granted**
*Linda Rollins v. Maui Dreams Dive Company, et al.*, CV10 00336 HG KSC, United States District Court For The District of Hawai'i

APPROVED AS TO FORM:


/s/ James H. Hershey
KEVIN LANCASTER
JESSICA N. BIERNIER
JAMES H. HERSHEY
Attorneys for Plaintiff
LINDA ROLLINS


/s/ Michiro Iwanaga
WAYNE M. SAKAI
MICHIRO IWANAGA
DANIEL M. CHEN
HELEN LEE GREENBERG
SHAWN A. TOLIVER
Attorneys for Defendants
MAUI DREAMS DIVE COMPANY,
RACHEL DOMINGO and
DONOVAN DOMINGO




**Findings and Recommendation That Defendant McCoy Enterprises, Ltd.'s Notice of Settlement and Petition For Determination of Good Faith Settlement Be Granted**
*Linda Rollins v. Maui Dreams Dive Company, et al.*, CV10 00336 HG KSC, United States District Court For The District of Hawaiʻi